

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*R. DAVID WALK, JR.*  970 Broad Street, 7th Floor  (973) 645-2815
*Assistant United States Attorney*  Newark, NJ  07102

November 13, 2024

**VIA ECF**

Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen Federal Building
  & United States Courthouse
Fourth and Cooper Streets
Camden, New Jersey 08102

    Re:    <u>United States v. Christopher Kyle Johnston, et al., 20-cr-800</u>

Dear Judge Kiel:

    The Government submits this letter brief in opposition to defendant Christopher Kyle Johnston's motion for reconsideration of the Court's decision to deny his motion to dismiss the individual money laundering counts.  Defendant Johnston has not satisfied the standard for reconsideration, nor has he shown that the Court committed a manifest error in allowing venue to be determined by the jury at trial.  His motion should be denied.

    Johnston's motion completely fails to discuss, much less satisfy, the demanding standard for the "extraordinary remedy" of reconsideration.  *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)).  Instead, Johnston simply repeats the same arguments he made in the motion to dismiss.  But a motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

    Not one of those grounds supports Johnston's motion.  His premise for filing the motion is the First Circuit's decision in *United States v. Abbas*, 100 F.4th 267

(1st Cir. 2024), but that case was decided on April 29, 2024, more than three months *before* Johnston filed his August 14 "supplemental letter brief to advise the Court of important legal developments that have occurred since the parties' briefing on Defendants' motions to dismiss . . . ." ECF Doc. 171 at 1. Johnston's letter brief cited several cases decided after *Abbas* but not *Abbas*. *Abbas* is therefore not an "intervening change" in the law. And as a decision of the First Circuit, it is not "controlling law" in this Court. Instead of being based on a new, controlling decision, Johnston's motion is based on a "[m]ere disagreement with a decision of the District Court," which "should normally be raised through the appellate process and is inappropriate on a motion for reargument." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). And Johnston does not even have to wait for the appellate process to raise his arguments; he can make them to the jury, which is the appropriate forum to decided venue issues in this Court.

The Third Circuit has held that unless the indictment's allegations of venue have "a facially obvious defect," a standard less demanding that the standard for stating an offense, then "venue becomes a jury question." *United States v. Perez*, 280 F.3d 318, 334 (3d Cir. 2002). That venue should be submitted to and decided by the jury is borne out by the cases on which Johnston primarily relies, which ruled on the appropriateness of venue after a jury trial. *See, e.g., United States v. Abbas,* 100 F.4th at 273 (considering challenge to venue after jury verdict); *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014) (same; "Venue is a question for the jury"); *Perez*, 280 F.3d at 334.

This Court correctly held that the money laundering counts' allegations of venue did not suffer from a facially obvious defect, allowing venue to be decided by the jury. ECF Doc. 184, October 17, 2024 Order at 2-3. The Court quoted the venue provision of money laundering statute, which "provides that venue is proper for money laundering prosecution in 'any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.'" *Id.* The Court then cited as sufficient for venue purposes the Indictment's allegation that Johnston and Brockmeier caused the transfer of proceeds from New Jersey. *Id.* at 3.

Johnston takes issue with that conclusion, disputing the Indictment's allegations that the defendants caused the transfer of proceeds from New Jersey. But his arguments ask the Court both to ignore the allegations in the Indictment that supported the Court's original decision and to decide fact-specific questions that are for the jury to decide, namely: at what point in the financial transactions did the funds become proceeds? Because a person who "conducts . . . any portion of [a] transaction may be charged in any district in which the transaction takes place," 18 U.S.C. § 1956(i)(3), did Johnston conduct the transfer of money from New Jersey, as that term is defined in 18 U.S.C. § 1956(c)(2)? And given that wire transactions passing through New Jersey can provide a basis for venue, *see United States v. Lallande*, 2023 WL 5035317, at *3 (D.N.J. Aug. 8, 2023), did any of the wire

transactions pass through New Jersey? These questions are all inappropriate for the Court to decide on a motion to dismiss. The Court should decline Johnston's invitation to decide these questions based only on the allegations in the Indictment. They should be decided based on a proper evidentiary record by the jury, as Third Circuit precedent requires.

Finally, Johnston claims that if the Court does not grant his motion to dismiss the individual money laundering counts against him, there is the prospect of "a lengthy and costly trial being overturned as a result of defective venue that was apparent from the face of the charging document." But the lengthy trial evidence here will concern the conspiracies alleged in Counts 1 and 2 and the money laundering conspiracy in Count 4. And because the transactions alleged in the individual money laundering counts are also alleged as part of the conspiracy in Count 4, evidence proving the individual money laundering counts will be admitted at trial, and dismissing the individual money laundering counts will not shorten the trial. Even the remote possibility of an appellate court overturning the verdict on the individual money laundering counts would not overturn the jury's verdict on the remaining counts. The proper course, as the Third Circuit stated in *Perez* and as this Court ruled in denying the motion to dismiss, is for the jury that is going to hear the exact same evidence on the money laundering conspiracy count to decide whether there is venue over the individual money laundering counts.

Defendant has failed to address, much less satisfy, the exacting standard for asking this Court to reconsider a decision it has made. He has not pointed to a change in the controlling law since the Court rendered its decision, and his only ground for reconsideration is an out-of-circuit decision rendered several months before Johnston filed his last brief on the motion to dismiss. He simply rehashes the same arguments that this Court previously rejected. This Court should deny his motion for reconsideration.

                                                Respectfully submitted,

                                                R. DAVID WALK, JR.
                                                DANIEL A. FRIEDMAN
                                                Assistant United States Attorneys

cc:     All counsel (via ECF)