

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731
llustberg@gibbonslaw.com

November 19, 2024

**VIA ECF**
Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen Building
 & U.S. Courthouse
4ᵗʰ and Cooper Streets, Court Room 3A
Camden, New Jersey 08101

  **Re:**  _**United States v. Johnston, et al., 20-cr-800 (ESK)**_

Dear Judge Kiel:

   Pursuant to the schedule agreed upon by the parties and entered by the Court (ECF 198), Defendant Christopher Kyle Johnston respectfully submits this brief letter reply in response to the Government's letter brief in opposition to Mr. Johnston's motion for reconsideration (ECF 196; hereinafter the "Motion").

   The Government's brief is, perhaps, most notable for what it does not say: It does not really address the question of whether, following the Court's holding that "[t]he funds that are alleged to have been laundered became 'proceeds' when they were deposited into an account for Central Rexall that was controlled by Johnston and Brockmeier" (ECF 184 at 2), venue is lacking in this case. The Government does not argue that the First Circuit's decision in _Abbas_— a persuasive, published appellate decision that provides important support for Mr. Johnston's Motion—is wrongly decided. Nor does it argue that the reasoning in _Abbas_ should not apply here. Instead, elevating form over substance, it argues that the procedural posture of this motion alone—both the standard for motions for reconsideration and this case's pretrial status—requires denying Mr. Johnston's Motion. The Government is mistaken.

   First, given that the Court specifically invited this motion, the Government's argument that the standards for such a motion are not satisfied is puzzling. In doing so, the Court acted consistent with the basic principle of federal law that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance." _McGarvey v. Penske Auto Group, Inc._, 2010 U.S. Dist. LEXIS 32228, at *9 (D.N.J. March 29, 2010) (quoting _Christianson v. Colt Indus. Operating Corp._, 486 U.S. 800, 817 (1988)). That said, in any event, Mr. Johnston's motion satisfies the standard for reconsideration, which district courts have "considerable discretion" to grant. _Disability Rights N.J. v. Velez_, 2010 U.S. Dist. LEXIS 127797, at *6 (D.N.J. Nov. 30, 2010). As noted above, as part of its ruling on the Defendants' substantive arguments regarding the Indictment's allegations of money laundering, the Court held that "[t]he funds that are alleged to have been laundered became 'proceeds' when they were deposited into an account for Central Rexall that was controlled by Johnston and Brockmeier."

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.D.J.
November 19, 2024
Page 2

ECF 184 at 2 (citing Ind. ¶¶ 59, 61(a), 61(b)).  This conclusion, of which the defense was obviously not aware when it litigated questions of venue in the first place, squarely raised the question of whether the Indictment adequately alleged venue for the money laundering counts; if the funds became proceeds when they entered the Central Rexall account, they could not have been proceeds when they left New Jersey, and thus cannot satisfy the Government's argument for venue, and the sole basis for venue presented in the Indictment.  *See* ECF 196-1 at 4-7.

Given this new context, and especially given the new federal appellate case (*Abbas*), to which neither party had pointed the Court, but which is on all fours with the allegations in this Indictment, Defendant's motion falls squarely within the circumstances in which motions for reconsideration are considered, and granted.  The Court's conclusion qualifies as both "an intervening change in the controlling law," in that it constitutes a holding that impacts how the Court must consider the Indictment's allegations, and "new evidence that was not available" previously, which directly bears on Mr. Johnston's venue challenge.  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  And both the Court's holding and the new holding in *Abbas* constitutes "overlooked matters that, if considered by the court [originally], might reasonably have resulted in a different legal conclusion"—an established basis for granting a motion for reconsideration.  *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  *See, e.g.*, *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (granting motion for reconsideration due to "overlooked" arguments).  This is, therefore, not the kind of motion for reconsideration in which a party disagrees with a court's prior decision and seeks to relitigate an issue.  *See, e.g.*, *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005) (denying motion for reconsideration that "consists largely of arguments that the Court heard, considered and adjudicated").[1]  And the Government's effort to persuade the Court to avoid considering these new issues is not only wrong, but should be seen for what it is: an effort to elide, rather than decide, an important matter that will obviously have an enormous impact on this trial's form and fairness.

Second, and similarly, this challenge to the Indictment's defective venue allegations is cognizable before trial.  As explained in the Motion, the Federal Rules of Criminal Procedure actually *requires* that defendants raise this challenge before trial, or else it is waived.  ECF 196-1 at 8-9 (citing Fed. R. Crim. Proc. 12(b)(3)).  And the Supreme Court itself has affirmed the dismissal of counts in an indictment before trial for improper allegations of venue.  *United States v. Cabrales*, 524 U.S. 1, 10 (1998).  The Government's argument, then, requests that the Court

---

[1] The Government argues that *Abbas* was available to Mr. Johnston when he filed a supplemental letter brief on August 14, 2024.  ECF 171.  This is misleading, as the principal point of that focused supplemental briefing was to discuss Judge Martinotti's decision dismissing an Indictment in *United States v. Mattia*, 2:21-cr-00576.  *See* Transcript of 7/24 Status Conference at 6, 16 (discussing *Mattia* and a schedule for the forthcoming motions).  The Government cannot seriously suggest that as part of that narrow supplemental briefing process, Mr. Johnston was required to unearth new caselaw regarding every issue raised in his prior motion to dismiss or else waive the right to later seek reconsideration based on that new caselaw.

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.D.J.
November 19, 2024
Page 3

ignore the Supreme Court's own affirmance of a pretrial dismissal and the plain text of the governing Federal Rule.

Nor do the Government's list of questions that it argues "are for the jury to decide" counsel in favor of waiting to decide this issue. ECF 199 at 2-3. Each of the Government's purportedly "fact-specific" questions can, in fact, be answered as a matter of law based on the allegations set forth on the face of the Indictment. For example, the Government asks: At what point in the financial transactions did the funds become proceeds? But the Court has already held, as a matter of law, that they became proceeds when they entered the Central Rexall account. ECF 184 at 2 (holding that "[t]he funds that are alleged to have been laundered became 'proceeds' when they were deposited into an account for Central Rexall that was controlled by Johnston and Brockmeier.") And as shown in Mr. Johnston's motion, they legally could not have been when they left New Jersey. ECF 196-1 at 7 ("Mr. Johnston did not participate in the transfer of proceeds of wire fraud when he supposedly facilitated the transfers form New Jersey because those were not transactions in the proceeds of wire fraud—they were transactions to obtain those proceeds.") (cleaned up; citing *United States v. Huff*, 641 F.3d 1228, 1232 (10th Cir. 2011)). Likewise, the Government's question of whether Mr. Johnston conducted the transfer of money from New Jersey, ECF 199 at 2-3, is by its very terms legally irrelevant, as the question does not have to do with the transfer of *money* but instead with the transfer of *proceeds*. And the Government seeks a trial on whether any of the wire transactions passed through New Jersey, but the Indictment does not even allege that they did.[2] In this regard, while an indictment need not go into meticulous detail to explain why venue is proper, its venue allegations cannot have a "facially obvious defect." *United States v. Perez*, 280 F.3d 318, 334 (3d Cir. 2002). This Indictment's patent failure to adequately allege this or any element of money laundering venue constitutes just such a defect, which is cognizable now.

Finally, the risk of the defective counts remaining in the Indictment is not merely that the trial will be unnecessarily lengthened or extraneous evidence introduced. Rather, the risk is that Mr. Johnston will be presented to the jury as having committed thirteen federal criminal offenses in the District of New Jersey, rather than the three that are really at issue here. The substantive money laundering counts threaten to distract the jury from the actual predicate crimes that, following the Court's denial of Defendants' motions to dismiss, remain for adjudication at trial. The money laundering counts transparently overwhelm the substantive counts, and are clearly intended—and threaten—to have the effect of magnifying the appearance of criminality. *Cf. United States v. Caruso*, 948 F. Supp. 382, 390 (D.N.J. 1996) (noting that the presence of more counts in an indictment "may prejudice the jury against the defendant by creating the impression

---

[2] Indeed, it is telling (and, for this question, legally dispositive) that for all of the other offenses with which Mr. Johnston is charged, the Indictment makes it a point to specifically allege that they occurred "in the District of New Jersey." ECF 1 at ¶¶ 13, 45, 56. Counts 5-24, on the other hand, do *not* contain this language, and in fact incorporates the rest of the Indictment *except* for those three paragraphs. The Government therefore cannot argue that the District of New Jersey where "the financial or monetary transaction [was] conducted." 18 U.S.C. § 1956(i)(1)(A).

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.D.J.
November 19, 2024
Page 4

of more criminal activity on his part than in fact may have been present") (quoting *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978)).  But in doing so, the Government stretches the constitutional and statutory limitations on criminal venue too far.  For the reasons above and those stated in the Motion for Reconsideration, these counts should be dismissed.

Thank you for your kind consideration of this submission.

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg

cc:    All counsel of record (via ECF)